shipper may pay on interstate shipments are those fixed by the Interstate Commerce Act, and those rates cannot be altered by mistakes or misapprehensions of either shipper or carrier.

3. COMMERCE, § 33a*—*what is proper forum to pass upon railroad rates and tariffs.* The Interstate Commerce Commission is the proper forum to pass upon the comparative fairness of through rates and local tariffs.

4. CARRIERS, § 211*—*when expert evidence relating to interstate commerce tariff rates is admissible.* In an action to recover back money alleged to have been erroneously refunded as an overcharge on an interstate shipment, it is not error to permit an expert to explain matters connected with the interstate commerce tariff rates and schedules.

---

## Henry Pollenz, Administrator, Appellee, v. Chicago City Railway Company and Chicago Railways Company, Appellants.

### Gen. No. 23,922.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918.

### Statement of the Case.

Action by Henry Pollenz, administrator of the estate of Louis F. Dreuth, deceased, plaintiff, against Chicago City Railway Company and Chicago Railways Company, defendants, to recover for the death of plaintiff's intestate, while employed by defendants, alleged to have been caused by being run over by a car through defendants' negligence. From a judgment for plaintiff for $5,000, defendants appeal.

JOHN E. KEHOE and FRANK L. KRIETE, for appellants; W. W. GURLEY and JOHN R. GUILLIAMS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

DAVID K. TONE and FRANK A. ROCKHOLD, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 537*—*what are independent allegations in declaration in action for death of street car employee.* Allega-tions in a count of the declaration in an action to recover for the death of an employee, killed by being run over by a street car of defendants, that while deceased walked behind the car in the per-formance of his duty of replacing the trolley on the wire, defend-ants negligently failed to securely brake and hold the car and per-mitted it to move down grade upon deceased, and as to defendants' negligence in failing to furnish a safe place to work and in the operation of the car following the one which struck deceased, do not cover acts so correlated to the accident that the failure to prove any of these particulars is ·a failure to prove that the accident happened through defendants' negligence, but each of such allega-tions is independent.

2. NEGLIGENCE, § 128*—*when duplicitous count is cured.* A count demurrable for duplicity as alleging several different acts of neg-ligence is, after verdict, cured ·of its imperfections.

3. MASTER AND SERVANT—*when rule requiring conductors of street cars to remain on platform while replacing trolley on standing car not proved.* In an action to recover for the death of a street car conductor who was run over by his car while replacing its trolley on the wire, evidence that it was customary for conductors to stand on the platform at this part of the track and watch the trolley as the car was moving is insufficient to prove a rule requiring con-ductors to remain on the platform while replacing the trolley on a standing car.

4. MASTER AND SERVANT, § 177*—*what not defense in action for death of street car conductor killed by backing car while replacing trolley.* In an action to recover for the death of a street car con-ductor who was run over by his car moving down grade upon him, by reason of the brake being released while he was replacing its trolley, no signal being given by the motorman, the car being dark and another car being a few feet behind, it is no defense that the motorman had no reason to know that the conductor would stand back of the car.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.